LAW OFFICES OF
# ELMER ROBERT KEACH, III

A PROFESSIONAL CORPORATION

1040 RIVERFRONT CENTER
POST OFFICE BOX 70
AMSTERDAM, NY 12010

TEL: (518) 434-1718
FAX: (518) 770-1558
www.keachlawfirm.com
bobkeach@keachlawfirm.com

February 21, 2013

The Honorable Thomas J. McAvoy
Senior United States District Judge
United State District Court
   for the Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

    Re:    *Foley v. Pollay*, No. 1:11-CV-0724 (TJM/DRH)

Dear Judge McAvoy:

This letter brief serves at the Plaintiff's Motion *in limine* in the above-captioned action. The Plaintiff requests a ruling from the Court on the following issues: 1) preclusion of Plaintiff James Foley's criminal history, 2) preclusion of the criminal history of decedent Sha-Kim Miller, who is not a party in this action.

The Plaintiff addresses each of these issues below.

### *Plaintiff James Foley's Criminal History*

Plaintiff requests that any mention of James Foley's criminal history be precluded, other than the June 25, 2010 arrest which gives rise to this action. Defendants have informed Plaintiff's counsel that they intend to introduce evidence of Mr. Foley's 2001 conviction for Attempted Burglary in the 2nd Degree (PL 140.25, Sub. 02), a Class D felony, and his 1999 conviction for False Personation (PL 190.23), a Class B misdemeanor. Relative to his Attempted

Burglary conviction, Mr. Foley was sentenced to 13 weekends in county jail and five (5) years of probation, beginning January 1, 2001. Relative to his False Personation conviction, Mr. Foley was merely fined and spent no time in jail.

A. *Foley's Felony Conviction*

A witness's credibility may be impeached with a felony conviction. Fed R. Evid. 609(a)(1); *Jean-Laurent v. Hennessy,* 840 F.Supp.2d 529, 544 (E.D.N.Y. 2011).[1] However, evidence of felony convictions more than ten years old is generally precluded and is only admissible in "rare and exceptional circumstances." *United States v. Rogers,* 542 F.3d 197, 199 (7th Cir. 2008); Fed. R. Ev. 609(b).

Plaintiff's felony conviction should be suppressed because it falls outside the ten-year window. "The ten-year time limit runs from the date of conviction or the release of the witness from the confinement imposed for that conviction, whichever is later." *Rogers,* 542 F.3d at 199. In this case, Mr. Foley was convicted and completed his jail sentence in 2001, nearly 12 years ago. Furthermore, "confinement" for purposes of calculating the ten-year window does not include probation supervision. *Id.* ("Rule 609(b) unambiguously starts the clock at the date of conviction or release from "confinement," without any mention of period of probation."); *United State v. Daniels,* 957 F.2d 162, 168 (5th Cir. 1992); *United States v. Butch,* 48 F.Supp.2d 453, 465 (D.N.J. 1999). Thus, because Mr. Foley's felony conviction is more than 10 years old, it is only admissible if its "probative value *substantially* outweighs the risk of prejudice," *id.* at 201 (emphasis in original), and Defendants bear the burden of proving that the conviction meets this rigorous test. *United States v. Peatross,* 377 Fed. Appx. 477, at *10 (6th Cir. 2010) ("Rule

---

[1] It must be noted that burglary is not a crime of dishonesty and false statement which would render it admissible under FRE 609(a)(2) and not subject to FRE 403's balancing test. *United States v. Estrada,* 430 F.3d 606, 614 (2d. Cir. 2005).

609(b) creates...a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded" (internal citations omitted)). Here, the Attempted Burglary, committed when Plaintiff was merely 20 years old, has little relevance to his credibility today, especially given that he has not been arrested for any similar crimes since. In turn, evidence of this conviction is highly prejudicial.

Additionally, when balancing probative value against risk of prejudice, courts consider the importance of the witness's credibility. *Hennessy,* 840 F.Supp.2d at 544. In the case at hand, the wealth of proof Plaintiff intends to present at trial favors preclusion. Admission of felony convictions is favorable where "the credibility of a witness is particularly important because there is little other documentary or supporting evidence and success at trial probably hinges entirely on [the witness's] credibility with the jury." *Id.* (quoting *Jones v. New York,* 2002 WL 207008, at *4 (S.D.N.Y., Feb. 11, 2002)). Here, Mr. Foley's success at trial does not "hinge entirely" on his credibility. Plaintiff intends to present three witnesses present at the scene of his arrest, all of whom will testify that his only "crime" on March 26, 2010 was mouthing off to Officer Pollay about his treatment of Shakim Miller. To a significant extent, the trial testimony of Defendant McNall, taken yesterday, supports Mr. Foley's version of events. Plaintiff will also present testimony from his treating physician and extensive medical records establishing the serious nature of his injuries. As such, jurors will have the opportunity to weigh the veracity Plaintiff's version of the facts on a myriad of sources, not merely Mr. Foley's testimony, and evidence of his past convictions should be precluded. *See Hennessy,* 840 F.Supp.2d at 544 (suppressing evidence of plaintiff's prior felonies where plaintiff presented multiple witnesses corroborating his story and court held that "support for plaintiff's version of the events exist[ed] apart from plaintiff's own testimony").

As such, evidence of Plaintiff's Attempted Burglary conviction should be precluded.

B.  *Foley's Misdemeanor Conviction*

Like Plaintiff's felony conviction, Mr. Foley's false personation misdemeanor conviction is more than ten years old and should be precluded. Convictions involving crimes of false statements are generally admissible for impeachment, without any balancing test, however, a conviction over ten years old can only be admitted if its probative value substantially outweighs any prejudicial effect. Fed. R. Evid. 609(a)(2)-609(b); *Peatross,* 377 Fed. Appx. at 489. Defendant bears the burden of establishing that the conviction at issue meets this standard. *Peatross,* 377 Fed. Appx. at *10. In this case, Plaintiff's false personation conviction has little impeachment value as the underlying arrest occurred over 12 years ago, when Mr. Foley was merely 19 years old, and this action does not "hinge entirely" on Mr. Foley's testimony as he will present substantial proof to corroborate his version of the facts. *See United States v. Hayes,* 87 Fed. Appx. 603, 603 (8th Cir. 2004) (suppressing evidence of witness's false statement conviction where conviction was over ten years old witness's trial testimony was corroborated by other testimony at trial).

Thus, evidence of Plaintiff's misdemeanor conviction should be also be precluded.

*Criminal History of Decedent Sha-Kim Miller*

Plaintiff also respectfully requests preclusion of the criminal history of Sha-Kim Miller, who was also arrested the night Mr. Foley was illegally arrested and assaulted by Troy City Police. Plaintiff was arrested for, and later acquitted of, interfering with Mr. Miller's arrest. Mr. Miller, now deceased, had an extensive criminal history which bears **no relevance** on the current action. Testimony about Mr. Miller's criminal past would be unduly injurious, possibly deceiving the jury into believing that Mr. Foley was Mr. Miller's criminal associate. Therefore,

Plaintiff respectfully suggests that evidence of Mr. Miller's criminal past could lead to "unfair prejudice…[and] mis[lead] the jury," Fed. R. Evid. 403, and thus should be suppressed.

## *Conclusion*

Plaintiff thanks the Court for its consideration of this motion *in limine*, and requests a ruling from the Court prior to trial on the issues raised herein.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Elmer Robert Keach, III

cc:

*By ECF*
All Counsel of Record